United States District Court
Southern District of Texas
**ENTERED**
May 20, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Jamhal Talib, Abdullah Bey, | § | |
| Will Musa, Robert El Don, | § | |
| Lucha El Por Libertan, | § | |
| Jamil R. Bey, Alban El Curraugh, | § | |
| Coneld Gusyeno Bey, Tariff Sherif | § | |
| Bey, Pumiyil Abdullay El, Quinn | § | |
| Khabir El Alban El Currough, | § | |
| _Plaintiff_, | § | |
| | § | |
| | § | |
| v. | § | Civil   Action   No.   H-21-2805 |
| | § | |
| The Commonwealth of | § | |
| Massachusetts, MA State Troopers, | § | |
| Ryan Casey, Matthew McDevitt, | § | |
| Sergeant Mike Sullivan, Sergeant | § | |
| Burnham, State Trooper Orlando, | § | |
| Christopher G. Keane, Magistrate | § | |
| Emily K Karsetter, Magistrate | § | |
| Peter Doyle, Magistrate James | § | |
| Lomothe, Jr., Erica Columbo, Charles | § | |
| Mongo, Governor Charles D. Baker | § | |
| Lieutenant Governor Karyn Polito | § | |
| Secretary Marylou Sudders, | § | |
| Acting Commissioner Margret R. | § | |
| Cook, District Attorney Marian T. | § | |
| Ryan, ADA Geoffrecy Van Epps, | § | |
| VIACOM, Deborah J. Duffy, | § | |
| Medford MA State Police, Warner | § | |
| Media AT&T, Comcast | § | |
| NBCUNIVERSAL NEWS, Various | § | |
| News Media Outlets, News Corporation | § | |
| Rupert Murdoch, Paula Baez, | § | |
| _Defendants_. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiffs filed this action against various state judicial and executive branch officials, law enforcement officers, and news outlets, alleging that they were arrested in Massachusetts and subjected to various constitutional, statutory, and common law wrongs. *See* ECF Nos. 1, 13, 15. Pending before the court are four motions to dismiss the amended complaint, ECF Nos. 36, 67, 68, 79; Plaintiff Jamil Rasul Bey's petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 76; and Plaintiff Pumiyil Abdullah El's motion to dismiss the case without prejudice or for an extension of time to respond to Defendants' motions to dismiss, ECF No. 95.

For the reasons stated below, the court RECOMMENDS that the motions to dismiss be GRANTED, the petition for a writ of habeas corpus be DENIED, and the case be dismissed without prejudice for lack of subject matter jurisdiction.

## 1. Background

Because Plaintiffs are proceeding pro se, the court has liberally construed the allegations in their complaint, Plaintiff Tariff Sharif Bey's "Affidavit of Fact," and Plaintiff's amended complaint. *See* ECF Nos. 1, 13, 15. The court has endeavored to identify all factual assertions made. The complaint is confusing, and it is not clear which allegations apply to which defendants. Other than to say that there was an arrest and that they are (or were) unhappy with the conditions of their confinement and the course of their state court proceedings, they have alleged no facts from which

the court could conclude that any of the Defendants has committed any wrong against any of the Plaintiffs. When the allegations are taken as a whole, Plaintiffs seek to have this federal court insert itself into an ongoing state court criminal proceeding.

Defendants make various arguments in their several motions to dismiss. The court need not reach all the arguments because the court lacks subject matter jurisdiction and the case must be dismissed for that reason.

*2. Analysis*

*A. Subject Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction[,]" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C.*, 851 F.3d at 534 (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."). The court has "an independent obligation to determine whether subject-matter jurisdiction

3

exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

"A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

Federal courts may exercise jurisdiction when all defendants are citizens of different states from all Plaintiffs and where the amount in controversy is more than $75,000. 28 U.S.C. § 1332. The court has no information on what state any Plaintiff might be a citizen of or what the amount in controversy might be. Because it is Plaintiffs' burden to demonstrate subject matter jurisdiction, and they have not done so, the court will not exercise jurisdiction based on diversity.

Federal district courts have subject matter jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The court will apply the "well-pleaded complaint" rule. That is, "[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

4

necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (citation and internal quotation marks omitted). Plaintiffs must supply facts demonstrating the existence of a federal question, and "the mere recitation by plaintiffs of various sections of the United States Constitution and random United States Code citations is insufficient." *Arunga v. ACLU Found.*, No. 09-6175-AA, 2009 WL 3274784, at *1 (D. Or. October 9, 2009). Moreover, when a plaintiff's claims are entirely frivolous, the district court lacks power to entertain them. *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019). "Some claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974)). Thus, this court has no power to adjudicate a claim that is "wholly insubstantial and frivolous," that is, a claim that is "obviously without merit." *Atakapa*, 943 F.3d at 1006.

Based on a careful reading of the complaint and affidavit, the court concludes that Plaintiffs have not stated a federal cause of action (or any cause of action, for that matter). Plaintiffs are contesting their incarceration and their state charges. There are no facts alleged to suggest that any federal law or constitutional provision has been or is being violated. There is not a single statement showing any action by any specific defendant that would rise to the level of a violation of law. Why the

news outlets have been named as defendants is puzzling, to say the least. The criminal code sections cited do not create a private right of action, so jurisdiction cannot be premised on violation of those statutes, even were a violation shown, which it has not been. *Flander v. Dep't of Pub. Safety*, No. 3:13-CV-4576-B, 2014 WL 238652, at *2 (N.D. Tex. Jan. 22, 2014).

This court may not, under the circumstances of this case, interfere with any ongoing criminal prosecution in Massachusetts. *Younger v. Harris*, 401 U.S. 37 (1971).

This court lacks subject matter jurisdiction. Because Plaintiffs have amended once already, the court finds no reason to think another opportunity to amend would result in the court's exercise subject matter jurisdiction over the case.

*B. Habeas Corpus Petition*

A petition for a writ of habeas corpus may be filed in the federal "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). According to Plaintiff Jamil Rasul Bey's petition for a writ of habeas corpus, he is in pretrial detention at Middlesex Correctional Facility in Massachusetts on a criminal case filed in Middlesex Superior Court in Massachusetts. ECF No. 76 at 1–2. This court lacks subject matter jurisdiction over his petition.

*3. Conclusion*

The court recommends that the motions to dismiss, ECF Nos. 36, 67, 68, 79, be granted and that Jamil Rasul Bey's petition for a writ of habeas corpus, ECF No. 76, be denied. The court granted Plaintiffs an extension of time to respond to the pending motions to dismiss. ECF No. 91. More than a week after the deadline to respond passed, Plaintiff Pumiyil Abdullah El, purportedly on behalf of all Plaintiffs, filed a motion to dismiss the case without prejudice or, in the alternative, to further extend the time to respond to Defendants' motions to dismiss. ECF No. 95. Because the court lacks subject matter jurisdiction, the court recommends that the motion be denied.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on May 19, 2022.

Peter Bray
United States Magistrate Judge

7